UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOANNE M. RIEBEL, "ex rel. Darlene Sammarco,"

Petitioner,

v.

DERRINDA MITCHELL, and KAREN FOY,

Respondents.

Civil No. 02-356 (MJD/JGL)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of District Court for preliminary consideration of an application for writ of habeas corpus filed on behalf of Petitioner Joanne M. Riebel. Also before the Court at this time is an application for leave to proceed in forma pauperis, ("IFP"). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court concludes that all of the pleadings and papers that have been filed in this matter should be stricken, and that this action should be summarily dismissed without prejudice.

**I. BACKGROUND**

The habeas corpus petition that is now before the Court was filed by Darlene C. Sammarco, who is the mother of the named Petitioner, Joanne M. Riebel. Although the petition is, for the most part, nearly incomprehensible, it can reasonably be inferred that Petitioner (Riebel) has a lengthy history of mental illness, and that she has been in and out of various treatment facilities during the past decade or so. It further appears that at least some of the time that Petitioner has spent in such facilities has been the result of

FEB 13 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

involuntary commitment proceedings. At present, Petitioner apparently is institutionalized at a facility called the "Andrew Residence." The petition does not clearly explain why Petitioner is at the Andrew Residence; whether she is there voluntarily or involuntarily; how long she has been there; whether she is receiving any psychiatric or other medical treatment; or when she is expected to leave.

The named respondents in this matter are Derrinda Mitchell, who is identified as Petitioner's court-ordered conservator, and Karen Foy, the executive director of the Andrew Residence.

As far as the Court can tell, the primary objective of the current petition is to secure a court order that would cause Petitioner to be immediately released from the Andrew Residence. The petition also requests that a judgment for money damages be entered against Respondents, and that "arrest warrants" be issued against Respondents (as well as several other individuals who are not parties to this action).

Petitioner's mother, Sammarco, represents that she is authorized to represent Petitioner in this action, because Petitioner has given her (Sammarco) a "durable power of attorney," and a "health care proxy." However, Sammarco is not an attorney, and she is not licensed to practice law in this District Court, or anywhere else. As discussed below, the Court concludes that because Sammarco is not an attorney, she cannot bring this action on behalf of the named Petitioner. It will therefore be recommended that the action be summarily dismissed without prejudice.

## II. DISCUSSION

This is not the first court action that Sammarco has attempted to bring on behalf of Petitioner. Two years ago, Sammarco tried to help her daughter bring a habeas corpus

action in this District. Riebel v. Mitchell, Civil No. 00-2153 (MJD/JGL). That case was summarily dismissed, because it appeared on the face of the petition that Petitioner had not exhausted her state court remedies, as required by 28 U.S.C. § 2254(b).

More recently, Sammarco attempted to bring an appeal in Petitioner's name in a Minnesota state court conservatorship matter. After the Minnesota Court of Appeals summarily dismissed the appeal, Sammarco sought further review in the State Supreme Court -- again in Petitioner's name. In a comprehensive published opinion, the Minnesota Supreme Court held that Sammarco had no authority to prosecute any legal action on behalf of Petitioner. In re the Conservatorship of Riebel, 625 N.W.2d 480 (Minn. 2001).

The Supreme Court concluded that any power of attorney or other designation of authority given by Petitioner to Sammarco could not authorize Sammarco to act as Petitioner's attorney-at-law. As explained by the Supreme Court –

> "We do not construe the authorizations in [Minn.Stat.] section 523.24 for an attorney-in-fact to assert and prosecute claims to empower the attorney-in-fact to appear as the attorney-at-law in asserting and prosecuting those claims. So construed, the power of attorney statute would allow anyone to authorize another person, regardless of their qualifications, to practice law on their behalf, providing a very easy means of circumventing the prohibition against the unauthorized practice of law in Minn.Stat. § 481.02. We will not construe a statute in a way that creates such an absurd result."

Id. at 482.

The State Supreme Court further explained that

> "The more reasonable interpretation of the statutory language is that a power of attorney authorizes the attorney-in-fact to act on behalf of the principal as the client in an attorney-client relationship. [Citation omitted] That is, the attorney-in-fact may make decisions concerning litigation for the principal, but a nonlawyer attorney-in-fact is not authorized to act as an attorney [at law] to implement those decisions."

Id.

In other words, documents such as a durable power of attorney and a health care proxy, executed under Minnesota law, create a principal-agent relationship, but not a client-lawyer relationship. An agent, such as Sammarco, can hire a lawyer to provide legal representation for the principal, but the agent alone cannot provide legal representation for the principal if the agent is not a lawyer. A nonlawyer agent who attempts to provide legal representation for his or her principal, as Sammarco is attempting to do for Petitioner here, is practicing law without a license.

Our District Court, like the Minnesota Supreme Court, permits only licensed attorneys to appear on behalf of others in court proceedings. Our Local Rule 83.5(a) provides that "[n]o person, unless duly admitted to practice in this Court, shall be permitted to appear and participate in the trial of any action or the hearing of any motion except in his or her own behalf or by special permission of the Court or as provided in subdivisions (c), (d), or (e) of this rule."[1] The Court understands this Local Rule as prohibiting a non-lawyer, such as Sammarco, from acting as the attorney-at-law for any person – including Petitioner. Furthermore, even if our Local Rule were not applicable, it appears that Sammarco's current effort to act as Petitioner's attorney would run afoul of state rules governing the practice of law in Minnesota. See Conservatorship of Riebel, 625 N.W.2d at 481 ("[a]lthough a person who is not a licensed attorney may represent themselves in court, they may not represent others"), citing Minn.Stat. § 481.02, subd. 1.

---

[1] Sammarco has not received any "special permission of the Court" that would allow her to act as Petitioner's attorney-at-law in this matter; and subdivisions (c), (d), and (e) of Local Rule 83.5 -- pertaining to to "Procedure For Admission," "Non-resident Attorneys," and "Government Attorneys" – have no relevance here.

In sum, this Court concludes, as did the Minnesota Supreme Court, that "Darlene Sammarco, a nonlawyer, is not authorized to litigate this matter on behalf of Joanne Marie Reibel [sic]." Conservatorship of Riebel, 625 N.W.2d at 483. Because all of the pleadings and papers of record in this action have been signed and submitted only by Sammarco, it will be recommended that all of those pleadings and papers be stricken, and that this action be summarily dismissed without prejudice.[2]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The "Petition For Writ Of Habeas Corpus," (Docket No. 1), the "Federal Emergency Petition for Writ of Habeas Corpus," (Docket No. 2), the "Petition to Appoint an Attorney to Represent Petitioner Joanne M. Riebel," (Docket No. 3), the "Petition to Remove Alleged Trustee/Respondent and to Terminate Bogus Hennepin County Harrassment [sic] Order," (Docket No. 4), and the "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 5), be STRICKEN; and

2. This action be summarily DISMISSED without prejudice.

Dated: February 12, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[2] Sammarco has now been advised by both the Minnesota Supreme Court and the Minnesota federal district court that she cannot bring legal actions on behalf of Joanne Riebel. If Sammarco persists in her efforts to bring legal actions on Riebel's behalf, she will run the risk of having her activities brought to the attention of the state bar agency that is responsible for policing the unauthorized practice of law.

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 4, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.