UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joanne M. Riebel,
"ex rel. Darlene Sammarco,"

Petitioner,

Civ. File No. 02-356 (MJD/JGL)

v.

**ORDER**

Derrinda Mitchell and
Karen Foy,

Respondents.

---

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Jonathon Lebedoff's Report and Recommendation dated February 12, 2002.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review, the Court ADOPTS the Report and Recommendation.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The "Petition For Writ Of Habeas Corpus" (Clerk Doc. No. 1), the "Federal Emergency Petition for Writ of Habeas Corpus" (Clerk Doc. No. 2), the "Petition to Appoint an Attorney to Represent Petitioner Joanne M. Riebel" (Clerk Doc. No. 3), the "Petition to Remove Alleged Trustee/Respondent and to Terminate Bogus Hennepin County Harrassment [sic] Order (Clerk Doc. No. 4), and the "Application To Proceed Without Prepayment Of Fees And Affidavit" (Clerk Doc. No. 5) are **STRICKEN**; and

2. This action is summarily **DISMISSED** without prejudice.

Dated: April 26, 2002

Michael J. Davis
Michael J. Davis
United States District Court Judge

FILED APR 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 29 2002
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.